You may proceed. Good morning, Your Honors. Eilis Schugel for the petitioner who is present in the court today with his family in the second row. This case is about two distinct issues. First, it's about whether the Board of Immigration Appeals and the immigration judge erred in finding that Mr. Kwong was removable for having been convicted of an aggravated felony. And secondly, whether the board erred in denying the motion to remand for ineffective assistance of counsel. With respect to removability, the immigration judge and board erred for two reasons. First, the judge erred in finding that in relying on the fact that Mr. Kwong was sentenced to two years for his burglary conviction, and this court's case law has made it clear that the sentence is not dispositive in determining the degree of burglary for which someone was convicted, and the government does not argue to the contrary. The second reason that the judge erred with regards to the government failing to meet its burden of proving that Mr. Kwong was convicted of first-degree burglary was in that regard. In that regard, Ms. Schugel, do we need to hold this case until Snellenberger, until that vote is resolved? Your Honor, I do not think this case needs to be held for Snellenberger because the case is controlled by Navidad-Marcos and Sandoval-Lua, which are final opinions. Of course, if Snellenberger is taken in bank, will Navidad survive? I'm sorry, Your Honor, I didn't hear you. Well, a question. If Snellenberger were to be reheard in bank, the in-bank court is free to make new precedent unlike us, and it might threaten Navidad if Snellenberger were taken in bank. Well, Your Honor, the one primary difference between Snellenberger and Navidad-Marcos was that Snellenberger dealt with a minute order, whereas Navidad-Marcos and Sandoval-Lua dealt with an abstract of judgment, which is what we have in this case. The second reason the immigration judge erred in finding that Mr. Kwong was removable was because she found that Penal Code 460A is categorically a crime of violence. So if this Court were to find that he were convicted of first-degree burglary, that's the second error she made in terms of removability. And should this Court find that Mr. Kwong is, in fact, removable, the agency also erred in denying his motion to remand for ineffective assistance of counsel because the Board erred in finding that counsel's performance was not insufficient, and the Board used the improper standard for prejudice. The Board looked at whether the outcome would have been different, but for the ineffective assistance of counsel, and this Court has set forth a standard, which is whether the outcome may have been different. Before we go to that, to the ineffective assistance of counsel, I wonder if you would comment on whether Mr. Kwong's plea colloquy overcame any Snellenberger-type problem because of his admission during that colloquy that a first-degree burglary had been committed. Yes, Your Honor. The issue with the plea colloquy is that that document was submitted in the context of relief. It was not submitted for deportability. It's the government's burden in this case to prove deportability, and the regulation at 8 CFR. I'm sorry. Help me understand here. You said it was submitted in connection with what? With the relief phase of his proceeding. It was submitted by Mr. Kwong. Does it matter who submits it as long as it's part of the record and it's considered by the IJ? It absolutely matters, Your Honor. The issue here is that the government submitted only one document in support of deportability, which was the abstract of judgment. 8 CFR section 1240.11e is the regulation that says that the court cannot use documents submitted in the relief phase of proceedings to prove deportability. And that's what happened with the plea colloquy. Mr. Kwong submitted it in support of his application for withholding of removal. It was not submitted in the deportability phase. And the immigration judge had already found Mr. Kwong deportable at that point in time. Let me ask you this question. Let's say hypothetically, and I'm not saying this happened, but hypothetically Mr. Kwong stood before the immigration judge and the immigration judge said, Mr. Kwong, would that be considerable under this circumstance? It would not, Your Honor. Particularly not in the context of an application for relief. If Mr. Kwong made that admission in the context of relief, the regulation at 1240.11e says that that cannot be used. In addition, in Sandoval-Lua, this Court found that an admission cannot be used when the Court's using a modified categorical approach to determine what a Petitioner has been convicted of. What case is that? Sandoval-Lua, Your Honor. So you're saying your reading of Sandoval is that an admission cannot be used as part of the modified categorical analysis? That is correct, Your Honor. Only the documents that are part of the record of conviction can be used. Well, I can understand your point that an admission that's made as part of an application for relief can't be used, but in the removal hearing, it's the original, when the issue is removability, couldn't an admission be used there? It cannot, Your Honor. It's the same issue. Mr. Kwong denied deportability in this case. It is the government's burden to prove that a lawful permanent resident is removable. You see, if I'm accused of bank robbery, the government has a burden of proving me guilty, but if I get on the stand and say, oh, yeah, I walked into the bank and pulled a gun and told the teller to give me some money, that can be used to convict me as part of the gun. Well, Your Honor, first, this isn't a criminal case. It's an immigration case. And the government does have the burden of proving deportability. Secondly, both this Court and the Supreme Court have held that there are particular documents that are part of the record of conviction that can be used to prove deportability. And a Petitioner or, in the immigration context, a Respondent's admission is not admissible in order to prove deportability if they're actually denying deportability. I must confess, I am really puzzled at your position on this. The I.J. considers the totality of the record before him or her in making a determination. And you are suggesting that even if the alien in this case says flat out, hey, I did it, first-degree burglary, that that cannot be considered. Well, Your Honor, first of all, that's not what happened here. Mr. Kline. No, I understand it. I understand it. But I ask you, because I'm trying to understand the gradation of your position here. It seems extreme to me, and I'm trying to understand how far you're pushing it. Well, Your Honor, I don't think it's extreme. I think the case law is clear on this point that there are particular documents in a record of conviction that can be used to prove deportability, and an admission of the immigrant is not one of those documents. If I understand the situation correctly, the removability ruling occurred something like four months before this material was introduced, seeking relief. That is correct, Your Honor. That is correct. Will you hold that good thought? We'll let you have a full two minutes, because we took part of your time, and then we'll have you come back and rebuttal after we hear from the government. Thank you, Your Honor. So we'll hear from Lisa. You said Murcia or Murcia? Murcia. Murcia. Okay. The government, in its brief, didn't rely on the colloquy submitted by the petitioner, was it? Good morning, Your Honors. At that time, Snellenberger had not been issued, and on the basis of case law at that time, we believe that the abstract of judgment was sufficient, and we would say that that is still the government's position, that the abstract of judgment is sufficient. And as Your Honors may know, Snellenberger is currently on rehearing. It does make a specific note regarding the abstracts of judgment, and any decision on Snellenberger would likely affect this case as well. So the government's position today is that Snellenberger is on rehearing, and that if the court considers Snellenberger to be an issue, that this case should be held in abeyance until that time, or it should be remanded for the board to be able to consider additional evidence and documents. But the government's position today, while it was not noted heavily in the brief, is that the plea colloquy is sufficient for the government to show that the petitioner is removable as an aggravated felon. As Your Honors noted, the petitioner specifically stated in the plea colloquy that he admitted to the question of the judge in there that he had entered an inhabited dwelling house and with intent to commit theft therein. I'm sorry, go ahead. That doesn't answer either the categorical approach or even the modified categorical approach, does it? I mean, it's one thing if perhaps he had said, oh, yes, my conviction was for violation of this statute. But if he just says, oh, yes, I did this thing, then we're talking about the facts of the case. We're not talking about the conviction. Well, the plea colloquy specifically, the immigration judge, I'm sorry, the judge there states on the basis of these pleadings, I find you guilty of first-degree burglary. His specific plea is to charge a violation of Section 459 of the Penal Code as a felony in the first degree, as one can see on the page of the record on page 843. The plea specifically Counsel, how can we find the unlawful element, the unlawful entry element? Well, as was stated in our brief, that actually is not an issue here. Becker did not require unlawfulness as part of its analysis there. It found that the entry into an inhabited dwelling was sufficient to find that it was a crime of violence. Any entry, any type of burglary? But second-degree burglary. No, Becker was specifically dealing with entry into an inhabited dwelling, which is considered a first-degree, I'm sorry, a first-degree burglary. Didn't Becker assume, basically, that the entry would be an unlawful entry, and therefore made it a crime of violence, whereas Parker, addressing the second-degree robbery, did not find the unlawful entry required? Well, essentially, what to they, because it's an inhabited dwelling, it's necessarily considered unlawful, you're entering somewhere that's not your own. But notwithstanding that, the definition of a crime of violence is, by its nature, involves substantial risk that physical force against the personal property of another may be used in the course of committing the offense. How can there be a crime of violence if it's a lawful entry? To use the Parker example, let's say you have an au pair or a housekeeper in the house who's lawfully there and takes something from you. Now, under Parker, that might be sufficient to establish a second-degree burglary, but you're certainly not suggesting, under those circumstances, that you have a crime of violence when you have welcomed somebody into your house and they commit an act to take something from you using no force whatsoever. The concept that Becker embraced was that the risk of physical force was there if you enter a dwelling with felonious or larcenous intent. Their specific reasoning, to quote their reasoning, was any time a burglar enters a dwelling with felonious or larcenous intent, there is a risk that in the course of committing the crime, he will encounter one of its lawful occupants and use physical force against the occupant, either to accomplish his illegal purpose or to escape apprehension. So the concept of the crime of violence that Becker marries here, which I would add is precedent in this court, is that it's the substantial risk of physical violence that makes it a crime of violence through the entry into the home. It assumes that whatever type of entry that you have into that home, because you are going in there with felonious or larcenous intent, that there's substantial risk to the lawful occupants. Even if you're a housekeeper or an au pair or someone who's invited to be there and you simply take something? Well, the definition of a first-degree burglary, the concept that Becker was trying to embrace was that if they were robbing the home and the owner possibly came upon them, that at that point they could essentially, it could turn into a violent encounter. What is the government's position regarding Notash v. Gonzalez? In that case, as you know, we found that documents should be excluded from the modified categorical analysis that were not, in quotes, in the record. And as noted by counsel from Mr. Kwong, the time within the proceeding when the aggravated felony was considered, the colloquy was not in the record. Are we entitled under this case to consider it or not? I would state that the court is entitled to consider it in this case. First of all, because the court in this case is considering whether or not it's an aggravated felony under its jurisdictional review. The court has jurisdiction to determine its jurisdiction, and in that particular case it's considered. Well, let's assume we have jurisdiction. Let's assume we have jurisdiction, but let's deal with the issue of under the modified categorical approach. Mr. Kwong's counsel has indicated, and I think this case raises the issue of whether, if the colloquy was introduced into evidence in the subsequent proceeding, four months later, is it part of the totality of the record that on review, since we reviewed de novo in this case, can we consider it? Is it part of the record? Yes, because the court is considering de novo. And also it should be noted. Do you have any case law that would suggest that de novo review in this situation includes all of the records in all of the proceedings related to this alien? That's the essence of de novo review, that one is able to. I'm asking for case law. Do you have any case law or statutory law that would substantiate that view? That the record is open. The totality of the record, not just in the discrete parts. I can't think of any off the top of my head. If you think of any, maybe give us a 28-J letter afterward. In that effect, first of all, I'm sorry, it's saying that I should sum up. Can I attempt to indicate why the court should consider it, should consider the plea clause? Yeah, I'm asking whether there's any case law that enables us to consider it since it was introduced in a later part of the proceeding after the abstract of judgment had been used. So what I'm trying to find out is can you rehabilitate, if this court finds that Snellenberger or something like Snellenberger bans the use of abstract of judgment, then you don't have an aggravated felony under the modified categorical approach. Can the determination be rehabilitated at the later part of the proceeding because we're unable to consider the colloquy which maybe makes up for that? Well, the plea colloquy is certainly part of the record once the immigration judge made their final order. They made a determination as to the removability earlier in the proceedings, but during their final decision, the plea colloquy is certainly part of the record and could certainly be considered by the immigration judge at that point. To the extent that the petitioner quotes a certain asylum statute as to, as for the proposition that the immigration judge could not consider it at that point, we would first of all state that this was at no point brought up before the board, and I believe that the petitioner's case in general has significant exhaustion issues. But if the court would come to the conclusion. That gets back to the jurisdictional issue, I suppose. Yes. And I would also state that, no, but to the extent that it was in front of the immigration judge during their final decision, we'd state that it was certainly part of the record during the entire proceedings, but also to the extent the petitioner has tried to box it into a certain part of the proceedings. We say that, first of all, that was never brought up previously, either before the board or the immigration judge, and also to that extent that it's certainly the board should have the ability to consider whether or not that regulation is applicable in the first instance. Okay. Well, thank you very much for your presentation, Ms. Ugal. You want to finish your rebuttal, please, or start and finish your rebuttal. Thank you, Your Honors. I'd like to make three brief points. First is, with respect to the regulation and the plea transcript, there are two phases of removal hearing. One is the removability phase, and one is the relief phase. And this document was submitted in the relief phase of proceedings, and the immigration judge did not consider the document for that purpose. And for that very reason, this Court cannot either. Your view, contrary to the government's view, is that in a de novo review, we're not entitled to consider the totality of the record, including in this case the plea colloquy, when we determine whether or not an aggravated felony has been found. Well, Your Honor, in this particular situation, the regulation would not allow you to consider that document. 8 CFR 1240.11e is not, as counsel for the government mentioned, an asylum statute. It's a regulation that has to do with the fact that there's two phases of removal proceedings, and an individual who's applying for relief, in this case withholding of removal, needs to be able to present all the evidence in support of that application. Well, that regulation does you're right. The regulation, it starts by saying, an application under this section shall not be held to constitute a concession of alienage or deportability. In any case in which a respondent doesn't admit his or her alienage or deportability. But then, at least the present version says, however nothing in this section shall prohibit the service from using information supplied in an application for asylum or withholding as a basis for issuing of a charging document or to establish alienage or deportability in a case referred to an immigration judge under 1208.14b of this chapter. What does that exception mean? That exception means, basically, that when an individual applies for asylum or withholding of removal, the government can use the fact that they've applied for asylum or withholding of removal to prove that they're an alien. Whereas, previously, there was a regulation that prohibited the government from using that evidence to prove deportability, to prove that the person was an alien. Well, if they can use that evidence to prove deportability, isn't that what Is that what's being done here? Or what the government's trying to do, rather? Well, Your Honor, here it wasn't the application for asylum or withholding of removal. It was a document submitted by Mr. Kwong to prove that he had not been convicted of a particularly serious crime. And what the purpose of the regulation is, is to encourage applicants for relief to submit all the evidence necessary to prove that they're eligible for that relief without prejudicing them in the removal stage of the proceedings. So in your view, essentially that evidence is admitted for a limited purpose, and so it's a conditional admission. I mean, it can't be considered perennial. Yes, Your Honor. It's submitted solely for the purpose of proving that they're eligible for the relief they are seeking. Very good. Thank you very much. Are you part of the pro bono program, by chance? I didn't know what you were. I'm a mentor in the pro bono program. Oh, that's great. I mentor the immigration committee. Oh, that's wonderful. As I say, you did a wonderful job. So we congratulate you and thank your firm to the degree your firm is involved in that. It's a very important program, and we certainly recognize the importance of everybody having a chance to give oral arguments. There are not a lot of those these days. So congratulations to both of you. Thank you for your presentations, both you and the government. And the case of Kwon v. Mukasey is submitted.
judges: Canby, Smith, Larson